



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 8 2023

TAMMY H. DOWNS, CLERK
By:_____
**DEP CLERK**

# MANDATE

## CERTIFIED QUESTION ANSWERED

PROCEEDINGS OF APRIL 6, 2023

SUPREME COURT CASE NO. CV-22-40

TERRI L. ALPE                                                                    APPELLANT

V. CERTIFIED QUESTION FROM THE UNITED STATES DISTRICT COURT FOR
   THE EASTERN DISTRICT OF ARKANSAS
   (4:18-CV-00035-JM)

FEDERAL NATIONAL MORTGAGE ASSOCIATION                      APPELLEE


        THIS CERTIFIED QUESTION OF LAW WAS SUBMITTED TO THE ARKANSAS
SUPREME COURT ON THE CERTIFICATION ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS AND BRIEFS OF THE
RESPECTIVE PARTIES.  AFTER DUE CONSIDERATION, IT IS THE DECISION OF THE
COURT THAT THE CERTIFIED QUESTION IS ANSWERED FOR THE REASONS SET
OUT IN THE ATTACHED OPINION.
        KEMP, C.J., AND WOOD, J., CONCUR.



        IN TESTIMONY, THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE
JUDGMENT OF THE ARKANSAS SUPREME COURT, I, KYLE E. BURTON,
CLERK, SET MY HAND AND AFFIX MY OFFICIAL SEAL, ON THIS 25TH DAY
OF APRIL, 2023.



                                   _____
                                   KYLE E. BURTON, CLERK

# SUPREME COURT OF ARKANSAS

No. CV-22-40

| | |
|---|---|
| TERRI L. ALPE<br>APPELLANT | **Opinion Delivered:** April 6, 2023 |
| | A CERTIFIED QUESTION FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS |
| V. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>APPELLEE | HONORABLE JAMES M. MOODY, JR., UNITED STATES DISTRICT JUDGE |
| | CERTIFIED QUESTION ANSWERED. |

**BARBARA W. WEBB, Justice**

This case presents four separate questions of law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8.[1] The questions of law presented concern the constitutionality of Act 1108 of 2021, which amended section 18-50-116 of the Arkansas Statutory Foreclosure Act. The certified questions are as follows:

> Is Act 1108 of 2021 unconstitutional (a) because it applies retroactively as stated in Section 3; (b) because the term "substantially comply" in Section 2(d)(2)(D) is void for vagueness; (c) because it deletes Section 2(d)(2)(C)(ii) which exempts mortgagee or trustee from the definition of "purchaser of value;" or (d) for any other reason the Court may find?

---

[1] In its jurisdictional statement, appellee contends that this court lacks jurisdiction because the questions of law to be answered are not determinative of the pending action. Specifically, appellee states that even if this court finds Act 1108 unconstitutional, appellant has not suffered any damages. Our jurisdiction is pursuant to section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8. Appellee's contention is outside the scope of the question presented, and we decline to address it.

For the reasons set forth below, we find Act 1108 cannot apply retroactively to a mortgagor whose claim has vested. We therefore answer this first question in the affirmative. To the remainder of the certified question, we conclude our answer would not be dispositive of any issue between the parties and decline to address it.

As set out in its certification order, the federal district court summarizes the relevant facts as follows:

> On February 21, 2017, Defendant Federal National Mortgage Association, the mortgagee, caused Plaintiff Terri L. Alpe's home at 2612 Breckenridge Drive, Little Rock, Arkansas to be sold at a foreclosure sale pursuant to the Arkansas Statutory Foreclosure Act of 1987, as amended (Ark. Code Ann. §§ 18-50-101, et seq.) (the "Foreclosure Act"). Defendant bought the property at the foreclosure sale and sold it to a third party on or about August 17, 2017. Plaintiff Terri L. Alpe, the mortgagor, filed suit against the Defendant in the Circuit Court of Pulaski County, Arkansas on December 12, 2017 seeking to set aside the Mortgagee's Deed. The Defendant removed the suit to this Court pursuant to 28 U.S.C. § 1441(a) based upon diversity of jurisdiction. Plaintiff alleges that the Defendant failed to comply with the requirements of the Foreclosure Act including Sections 18-50-102(e), 103(2)(A), 104, 104(a)(1), 104(a)(3)(A), 104(b), and 106. The Defendant contends that Plaintiff defaulted on the mortgage and the Defendant substantially complied with the Foreclosure Act.
>
> On October 13, 2021, the Court granted Defendant's motion to amend its answer to include Arkansas Code Annotated Section 18-50-116(d)(2)(D), added by Act 1108, as an affirmative defense. In response, Plaintiff argues that her claim against the Defendant for failure to strictly comply with the Foreclosure Act was filed before Act 1108 was amended and should not be applied to her claim retroactively. She argues that Arkansas Code Annotated Section 18-50-116(d)(2)(D), as amended by Act 1108, is unconstitutional because the Legislature cannot retroactively create or disturb a vested right. When applied retroactively to her claim, Plaintiff's right to redress for Defendant's alleged failure to strictly comply with the provisions of the Foreclosure Act is destroyed and a new right to be free from liability is created for the Defendant.

(Citation omitted.) While the district court certified four separate questions, our discussion will focus on whether Act 1108 applies retroactively, as we have found this issue dispositive.

In considering a statute's constitutionality, it is well settled that every statute carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *Whorton v. Dixon*, 363 Ark. 330, 336, 214 S.W.3d 225, 230 (2005). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *Id*. If possible, we will construe a statute so that it is constitutional. *Shipp v. Franklin*, 370 Ark. 262, 264, 258 S.W.3d 744, 747 (2007).

On May 5, 2021, the General Assembly passed Act 1108 of 2021, now codified, as amended, at Arkansas Code Annotated section 18-50-116, which modified certain provisions of the Statutory Foreclosure Act. In particular, Act 1108 limits the time in which a mortgagor can bring a strict–compliance claim against a mortgagee. Section 2 of the Act provides in pertinent part:

> (d) Nothing in this chapter shall be construed to:
> (1) Create an implied right of redemption in favor of any person; or
> (2)(A) Impair the right of any person or entity to assert his or her legal or equitable rights in a court of competent jurisdiction.
> (B) However, a claim or defense ~~of a person or entity asserting his or her or its legal and equitable rights~~ shall be asserted ~~before~~ <u>prior to</u> the sale or ~~it is~~ <u>the claim or defense is</u> ~~be~~ forever barred and terminated, except the mortgagor may assert the following against either the mortgagee or trustee:
> (i) Fraud <u>by any party</u>; or
> (ii) Failure to strictly comply with the provisions of this ~~chapter, including without limitation subsection (c) of this section~~ <u>act</u>.
> (C) ~~(i) The~~ <u>Any of the above</u> claims or defenses ~~described in subdivision (d)(2)(B) of this section~~ may not be asserted against a subsequent purchaser for value of the property.
> ~~(ii) For the purposes of this section, "purchaser for value" does not include the mortgagee or the trustee.~~
> <u>(D) Any claims or defenses for a violation of subdivision (d)(2)(B)(ii) of this section shall be asserted within thirty (30) days of the foreclosure sale to ensure the finality of sales that substantially comply with this chapter.</u>

Act 1108, § 2.

Whether a legislative act applies retroactively is a matter of legislative intent. Unless it expressly states otherwise, we presume the legislature intends for its law to apply only prospectively. *McMickle v. Griffin*, 369 Ark. 318, 338, 254 S.W.3d 729, 746 (2007). Act 1108 clearly indicates its intention to be applied retroactively. The legislative intent section of the Act states:

> (3) It is the intent of the General Assembly that this act be applied to all foreclosure sales held since the enactment of Act 885 of 2011 as that act created consumer protection obligations on the parties availing themselves of the Statutory Foreclosure Act of 1987.

Act 1108, § 1. Additionally, the Act states, "This act applies retroactively to March 31, 2011." *Id*. § 3.

Nevertheless, the plain language of an act is not the only consideration in determining whether a statute can be applied retroactively. *English v. Robbins*, 2014 Ark. 511, at 7, 452 S.W.3d 566, 571. Even where a statute expressly provides that it is retroactive, this court must still ensure that applying the statute retroactively will not impair or disturb a contractual or vested right or create a new obligation. *Id*. Thus, laws involving substantive rights cannot be constitutionally applied retroactively. *Id*. A law is substantive when it is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." *Summerville v. Thrower*, 369 Ark. 231, 237, 253 S.W.3d 415, 419–20 (2007) (quoting *Black's Law Dictionary* 1443, 1221 (7th ed. 1999)).

The Statutory Foreclosure Act established as an affirmative defense a claim of strict compliance to be asserted by a mortgagor against a mortgagee. Ark. Code Ann. § 18-50-116(d)(2)(B)(ii) (Repl. 2015). Act 1108 restricted the time in which a mortgagor could bring

4

a strict-compliance claim, adding that such claims "shall be asserted within thirty (30) days of the foreclosure sale." Act 1108, § 2. Applying this addition retroactively would disturb a mortgagor's vested right to bring a strict-compliance claim. We have held "[a] vested right exists when the law declares that one has a claim against another, or it declares that one may resist the enforcement of a claim by another." *Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 41, 616 S.W.2d 720, 724 (1981). Because section 18-50-116 declares a mortgagor may resist foreclosure by asserting a mortgagee failed to strictly comply with the provisions of the Statutory Foreclosure Act, a vested right was created. Retroactive application of Act 1108 to a mortgagor who has initiated a claim for strict compliance would deprive the mortgagor of a defense to a foreclosure action. In this circumstance, the Act cannot be constitutionally applied retroactively.

We decline to address the rest of the certified question, as it would be advisory. *See Bowerman v. Takeda Pharms. U.S.A.*, 2014 Ark. 388, at 7, 442 S.W.3d 839, 843. Our answer to a certified question is not an improper advisory opinion so long as (i) a court addresses only issues that are truly contested by the parties and are presented on a factual record; and (ii) the court's opinion on the certified question will be dispositive of the issue, and res judicata between the parties. *Longview Prod. Co. v. Dubberly*, 352 Ark. 207, 209, 99 S.W.3d 427, 428–29 (2003) (per curiam). Here, because we conclude that Act 1108 cannot apply retroactively to mortgagors with pending claims, our answers to the rest of the certified question would not be dispositive of any issues between the parties. Thus, we decline to answer it.

Certified question answered.

KEMP, C.J., and WOOD, J., concur.

# SUPREME COURT OF ARKANSAS

No. CV-22-40

| | |
|---|---|
| TERRI L. ALPE<br><br>APPELLANT<br><br>V.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>APPELLEE | Opinion Delivered: April 6, 2023<br><br>A CERTIFIED QUESTION FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS<br><br>HONORABLE JAMES M. MOODY, JR., UNITED STATES DISTRICT JUDGE<br><br><u>CONCURRING OPINION.</u> |

**RHONDA K. WOOD, Associate Justice**

I would decline to answer the certified question from the district court. Instead, I would reformulate the certified question as follows:

> Is Act 1108 of 2021 unconstitutional as applied retroactively to Terri L. Alpe because her claim vested when she filed suit in 2017?

My answer would be yes. *See Ark. Dep't of Hum. Servs. v. Walters*, 315 Ark. 204, 866 S.W.2d 823 (1993). This court has a settled principle that we will not decide the constitutionality of a state statute when it is not essential to the outcome. *Landers v. Jameson*, 355 Ark. 163, 174, 132 S.W.3d 741, 748 (2003). Without narrowing the question, we risk implying that we are deciding a facial constitutional challenge or that vesting could occur in circumstances outside filing a lawsuit. The reformulated question settles all that's necessary given the unique facts presented here.

KEMP, C.J., joins.

IN TESTIMONY, That the above is a true copy of the opinion of said Supreme Court filed in the case

therein stated, I, Kyle E. Burton, Clerk of said Supreme Court, hereunto set my hand and affix the Seal of said

Supreme Court, at my office in the City of Little Rock this 25th day of April, A.D. 2023.

_____

**Clerk**

By_____

**Deputy Clerk**